## Hartford Accident and Indemnity Company
### *v.* Robert Williamson et al.

King, C. J., Murphy, Alcorn, Shannon and House, Js.

Argued December 8, 1965—decided January 25, 1966

*William J. Secor, Jr.,* with whom were *Donald McPartland* and, on the brief, *John W. Rossitter,* for the appellant (plaintiff).

*John A. DelBuono,* for the appellee (defendant Greguoli).

ALCORN, J. The plaintiff has appealed from a judgment on a demurrer in a declaratory judgment action. The defendants are Robert Williamson and Albert Greguoli. Greguoli demurred to the plaintiff's complaint on the ground that the case is not properly one for a declaratory judgment because the plaintiff should be left to other legal remedy. The demurrer, in form, attacks the relief sought. *Glens Falls Ins. Co.* v. *Somers,* 146 Conn. 708, 713, 156 A.2d 146. Williamson did not join in the demurrer. The effect of the judgment, therefore, is that the allegations of the complaint are found to be insufficient, on the ground stated, to state a case for a declaratory judgment as to Greguoli. *Roberts* v. *New York, N.H. & H.R. Co.,* 107 Conn. 681, 683, 142 A. 455.

An action for a declaratory judgment is a special proceeding under General Statutes § 52-29 implemented by the rules of court. *Lipson* v. *Bennett,*

148 Conn. 385, 388, 171 A.2d 83. The complaint in such an action must, like complaints in general, contain allegations sufficient to show that the plaintiff is entitled to the relief sought. *Redmond* v. *Matthies,* 149 Conn. 423, 426, 180 A.2d 639. Section 309 of the Practice Book defines the conditions under which a declaratory judgment will not be rendered, among which is subsection (c), "where the court shall be of the opinion that the parties should be left to seek redress by some other form of procedure." See cases such as *Lerner Shops of Connecticut, Inc.* v. *Waterbury,* 151 Conn. 79, 93, 193 A.2d 472. This portion of the rule furnishes the basis for the demurrer.

To withstand attack by demurrer on this ground, the allegations of the complaint must be such that it affirmatively appears that the court could, in a reasonable exercise of discretion, permit the action to be maintained. *Redmond* v. *Matthies,* supra; *Glens Falls Ins. Co.* v. *Somers,* supra. If the court, in the exercise of its discretion under § 309 (c) of the Practice Book, could properly render the judgment requested, the demurrer should be overruled. The reason for this is quite apparent and demonstrates why a demurrer to the complaint in a declaratory judgment action may be infrequently effective. Necessarily, if the facts alleged show a legitimate ground for the court to exercise a discretion to entertain the action, the demurrer could not serve as a device for the determination, as a matter of law, of how that discretion should be exercised. The question of law raised by the demurrer exerts its potency only when the allegations of the complaint fail to include facts which show that the court has discretion to entertain the action. *Redmond* v. *Matthies,* supra, 427.

The allegations of this complaint, admitted for purposes of the demurrer, are as follows: The plaintiff, an insurance company, had issued a policy of insurance to two individuals, not parties to the action, insuring them against liability in the operation of motor vehicles owned by them. The policy covered a person using the insured's vehicle with the insured's permission but did not apply "to any employee with respect to injury to . . . another employee of the same employer injured in the course of such employment in an accident arising out of the maintenance or use of the automobile in the business of such employer." The policy also excluded bodily injury to any employee of the insured arising out of domestic employment covered by the workmen's compensation law, or arising out of other employment by the insured, and any obligation which the insured or its insurance carrier would be held liable for under workmen's compensation or any similar law. While the policy was in force, Williamson was driving a truck owned by the insured with Greguoli as a passenger. Both men were employees of the insured and were using the truck in the course of their employment by the insured. Williamson drove the truck into a bridge and fence post, as a result of which Greguoli was injured. Greguoli sued Williamson in a negligence action for damages for his injuries. The plaintiff has caused its attorney to appear for Williamson in that action under a reservation of rights, claiming that the policy does not cover Williamson. Greguoli claims that the policy covers and protects Williamson. There is an actual bona fide and substantial question and issue in dispute and a substantial uncertainty of legal relations requiring settlement. The judgment claimed is a declaration that

the insurance policy does not protect and cover Williamson, that the plaintiff is not obliged to defend him in Greguoli's action, that the plaintiff is not obligated to pay any judgment obtained by Greguoli in that action, and any other appropriate equitable relief.

Where the complaint, on its face, discloses that another adequate remedy exists, the complaint is vulnerable to demurrer. *Buchman* v. *Taylor*, 151 Conn. 209, 211, 196 A.2d 111. The obligation of the plaintiff to defend Williamson does not depend on whether Greguoli will be successful in obtaining a judgment against him. It depends on whether Greguoli, in his complaint against Williamson, has stated facts which bring his injury within the coverage of the policy. *Smedley Co.* v. *Employers Mutual Liability Ins. Co.*, 143 Conn. 510, 516, 123 A.2d 755; *Connecticut Co.* v. *Mongillo*, 144 Conn. 200, 204, 128 A.2d 528. That issue is not before us on this demurrer. From the allegations of the complaint in the present case, it is clear that § 38-175 of the General Statutes furnishes a plain and simple method for the determination of the liability of the plaintiff to respond to a judgment obtained by Greguoli. *Jenkins* v. *Indemnity Ins. Co.*, 152 Conn. 249, 259, 205 A.2d 780; *Shelby Mutual Ins. Co.* v. *Williams*, 152 Conn. 178, 182, 205 A.2d 372. It is to be borne in mind that our declaratory judgment act, which, at its inception, this court described in *Braman* v. *Babcock*, 98 Conn. 549, 556, 120 A. 150, as a " 'novel method of judicial procedure . . . enlarging our methods of remedial justice' " should not be used, in these days of crowded dockets, to take up the time of the trial court unnecessarily. *Lipson* v. *Bennett*, 148 Conn. 385, 390, 171 A.2d 83; *Sturtevant* v. *Sturtevant*, 146

Conn. 644, 650, 153 A.2d 828. It is not designed to supplant established procedures except for good reason. Until Greguoli succeeds in obtaining a judgment against Williamson, the question of the necessity for the plaintiff to respond to it does not arise. If Greguoli does recover a judgment, then General Statutes § 38-175 provides the means for the determination whether that judgment is against a person who was insured by the plaintiff against the liability involved. *Skut* v. *Hartford Accident & Indemnity Co.,* 142 Conn. 388, 393, 114 A.2d 681; see also *Harty* v. *Eagle Indemnity Co.,* 108 Conn. 563, 143 A. 847. No facts are alleged in the complaint to demonstrate a reason for the determination of that question in a declaratory judgment action rather than under § 38-175. *Newington* v. *Mazzoccoli,* 133 Conn. 146, 157, 48 A.2d 729; see cases such as *Larkin* v. *Bontatibus,* 145 Conn. 570, 575, 145 A.2d 133; *Hill* v. *Wright,* 128 Conn. 12, 19, 20 A.2d 388; *Sigal* v. *Wise,* 114 Conn. 297, 301, 158 A. 891. Consequently, the court could properly decide upon the demurrer, as it did, that the only proper exercise of discretion would be to leave the plaintiff to seek redress in a defense to an action under the statute, should the occasion for that arise. *Glens Falls Ins. Co.* v. *Somers,* 146 Conn. 708, 714, 156 A.2d 146; *Bartlett* v. *Rockville,* 150 Conn. 428, 432, 190 A.2d 690.

There is no error.

In this opinion the other judges concurred.