## CONTINENTAL CASUALTY COMPANY, Plaintiff–Appellant,

v.

COASTAL SAVINGS BANK; Gary Cockrell; Susan Cockrell; Connecticut Savings Bank; Connecticut Valley Bank; Electric Boat Community Federal Credit Union; Farmers & Mechanics Bank; Joseph Griffith; Linda Hatch; Security Pacific National Bank; Security Pacific National Trust Company; Thomas Jefferson Limited Partnership; Gallup Hill Associates; Greentree Associates; Connecticut National Bank; Jerome Zrenda, Partner in Gallup Hill Associates; Jerome Zrenda, Partner in Greentree Associates, Defendants,

Bank of Southeastern Connecticut; Denise Bevza; Connecticut Bank & Trust Company, N.A.; Chelsea Groton; Chicago Title Insurance Company; Dime Savings Bank of Norwich; Dupont Mortgage Corporation; First Eastern Mortgage Corporation; First New London Savings & Loan Association; Darlene Mastrianna; Thomas Mastrianna; National State Bank of Perth Amboy; New England Savings Bank; Norwich Savings Society; Robert Renehan; David Reynolds; Union Trust Company; Fleet Bank of Connecticut; Zrenda & Hinkle, P.C., Joseph M. Zrenda, Defendants–Appellees.

No. 1646, Docket 92–7244.

United States Court of Appeals, Second Circuit.

Argued June 8, 1992.

Decided Oct. 23, 1992.

Kevin A. Coles, Shelton, Conn. (Cotter, Cotter & Sohon, P.C., of counsel), for plaintiff-appellant Continental Cas. Co.

Penny Q. Seaman, New Haven, Conn. (William J. Egan, Wiggin & Dana, of counsel), for defendant-appellee Chicago Title Ins. Co.

Before: CARDAMONE, WINTER and MAHONEY, Circuit Judges.

WINTER, Circuit Judge:

Continental Casualty Company ("Continental") appeals from Judge Dorsey's dismissal of its complaint. In that complaint, Continental sought a declaratory judgment that it was not bound to indemnify and defend a law firm, Zrenda & Hinkle, P.C., under a Legal Professional Liability Policy for claims made by Chicago Title Insurance Company ("Chicago"). We reverse.

## BACKGROUND

Zrenda & Hinkle consisted of attorneys Jerome P. Zrenda, Joseph M. Zrenda, and Denise Bevza. Continental issued a Legal Professional Liability Policy to Zrenda & Hinkle sometime prior to May of 1988. That policy contained the following exclusion:

We will not defend or pay, under this Coverage Part for:

D. Any claim arising out of:

1. a wrongful act in your performance:

a. as an officer, director, or trustee of a:

(1) business enterprise other than as named on the Declarations ... unless such entity is a client of yours and the claim relates solely to such lawyer/client relationship;

2. a wrongful act in your performance of professional services for a business enterprise other than as named on the Declarations which is owned, controlled, managed or operated by you or

your spouse, or in which either of you are partner or employee;

Subsequent to the issuance of the policy, Zrenda & Hinkle successfully submitted applications for renewal on three occasions— May 24, 1988, April 10, 1989, and June 11, 1990. The applications contained the following question:

> IS ANY LAWYER AWARE OF ANY PROFESSIONAL LIABILITY CLAIM MADE AGAINST HIM IN THE PAST YEAR, OR ANY INCIDENT, ACT OR OMISSION WHICH MIGHT REASONABLY BE EXPECTED TO BE THE BASIS OF A CLAIM OR SUIT, ARISING OUT OF PERFORMANCE OF PROFESSIONAL SERVICES FOR OTHERS?

On each occasion, Zrenda & Hinkle responded "NO" to this question.

In September 1990, Chicago filed an action in Connecticut state court against Zrenda & Hinkle and the members of the firm. Chicago sought to recover damages in connection with certain title insurance policies issued by Zrenda & Hinkle. Chicago alleged that in several real estate closings in which Zrenda & Hinkle acted as closing attorney, the firm failed to ensure that existing liens on the properties being sold were paid off and issued title insurance policies that did not exclude such liens. As a result, Chicago alleged, the lenders and buyers to whom Zrenda & Hinkle had issued title insurance policies have made claims against Chicago. Chicago's state court action against Zrenda & Hinkle, alleging, *inter alia*, claims of negligence, breach of contract, fraud, and misrepresentation, is pending, as are various lawsuits against Chicago brought by lenders and buyers. On April 16, 1991, Continental brought the present diversity action in the District of Connecticut. It sought a declaratory judgment that Continental had no duty to indemnify and defend Zrenda & Hinkle under the terms of the policy.

Chicago moved to dismiss the action under Fed.R.Civ.P. 12(b)(6). In response, Continental asserted non-coverage on the grounds that: (1) Zrenda & Hinkle made willful, knowing and fraudulent misrepresentations on the policy applications with the intent to mislead Continental and induce them to issue the policy, and (2) some claims made against Zrenda & Hinkle are excluded from coverage because Zrenda & Hinkle's acts were made in the performance of a business enterprise other than a law firm owned by Zrenda & Hinkle or one of its employees, officers or directors. *Continental Cas. Co. v. Bank of Southeastern Conn.*, No. 2:91–CV00326, slip op. at 3 (D.Conn. Jan. 28, 1992).

Judge Dorsey granted the motion to dismiss. He held that although the issues raised by the declaratory judgment did not duplicate the issues in the state court, the judgment sought "would require the simultaneous development of similar factual records in two forums." Because inconsistent factual and legal determinations might result, he held that entertaining the declaratory judgment action would confuse rather than clarify the legal relations at issue. Accordingly, he dismissed Continental's complaint.

## DISCUSSION

■ We first address the standard of review. We have recently stated that "[i]n reviewing the trial court's exercise of discretion to grant or refuse declaratory relief, we may reverse where we find that the exercise was erroneous." *Kidder, Peabody & Co. v. Maxus Energy Corp.*, 925 F.2d 556, 562 (2d Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 2829, 115 L.Ed.2d 998 (1991). This standard was first set forth in *Broadview Chem. Corp. v. Loctite Corp.*, 417 F.2d 998, 1000 (2d Cir.1969), *cert. denied,* 397 U.S. 1064, 90 S.Ct. 1502, 25 L.Ed.2d 686 (1970), in which we stated that we would exercise our independent judgment in determining whether a declaratory judgment action should be entertained. We may thus substitute our judgment for that of the lower court. *Id.* We acknowledge that there are decisions in this circuit stating that the applicable standard of review is to determine only whether an abuse of discretion has occurred. *See, e.g., Christopher P. v. Marcus*, 915 F.2d 794, 802 (2d Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 1081, 112 L.Ed.2d 1186

(1991). However, the preponderance of our caselaw clearly indicates that the standard of review is *de novo,* and we shall act accordingly. *Broadview,* 417 F.2d at 1000 (stating that the review of a trial court's exercise of discretion under the Declaratory Judgment Act involves a different test than other discretionary rulings and that the appeals court need not rely on the judgment of the trial court); *Fay v. Fitzgerald,* 478 F.2d 181, 183 (2d Cir.1973) (stating that appellate courts in reviewing declaratory judgment actions substitute their own judgment for that of the lower court); *Beacon Construction Co. v. Matco Elec. Co.,* 521 F.2d 392, 397 (2d Cir.1975) (same); *Kidder, Peabody,* 925 F.2d at 562 (stating that in reviewing a trial court's exercise of discretion to grant or refuse relief, appeals courts may reverse when the exercise was erroneous).

 Section 2201 of Title 28 provides in pertinent part:

(a) In a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a) (West Supp.1992). In *Broadview,* we stated that a court must entertain a declaratory judgment action: (1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, or (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding. *Broadview,* 417 F.2d at 1001. If either prong is met, the action must be entertained.

Although the claims in the present action arise from the same fact pattern, the legal and factual issues in the instant matter and state court litigations are different. *See Provident Bank v. Patterson,* 390 U.S. 102, 127, 88 S.Ct. 733, 747, 19 L.Ed.2d 936 (1968) (stating that although "a critical is-

sue of fact" was the same in the underlying state action as in the federal declaratory judgment action, the "ultimate" issue in the cases was different and the declaratory judgment action should be entertained); 6A James W. Moore et al., *Moore's Federal Practice* ¶ 57.08, at 57–58 (2d ed. 1992) ("It seems well settled that the mere pendency of another action involving the same set of facts does not in and of itself preclude the exercise of the declaratory jurisdiction."). We believe that, given the differences in issues between the state actions and the instant matter, entertaining the declaratory judgment action will clarify and settle the central legal and factual issues arising out of Zrenda & Hinkle's conduct.

In the state court actions, the lenders and buyers suing Chicago on the title insurance policies can prevail by proving the existence of the liens. Chicago can prevail against Zrenda & Hinkle merely by proving negligence. Proof of the existence of the liens and Zrenda & Hinkle's failure to extinguish them is sufficient to prove that negligence. Development of an extensive factual record in the state court litigation is thus hardly inexorable because the existence of the liens is an easily resolvable issue.

In contrast, the issues in the instant matter are different, more complex, and will require factual development beyond that entailed in the state court litigation. At stake here is Zrenda & Hinkle's actual knowledge of the liens and deliberate failure to extinguish them, arguably "acts or omissions" that should have been reported to Continental as "reasonably [to] be expected to be the basis of a claim or suit." Similarly, whether the policy precludes coverage of Zrenda & Hinkle because of wrongful acts as an officer, director, or trustee of, or in the performance of professional services for, a business enterprise within the meaning of policy exclusions D(1)(a), D(2) is not at issue in the state court actions.

Continental's liability for Zrenda & Hinkle's acts is likely to be the only matter that will entail seriously contested litigation. Continental is not, however, a party

to the state court actions. The present declaratory judgment action thus raises issues that are central to the allocation of liability but will not be determined in the state court actions. The first prong of the *Broadview* test is thus satisfied.

The instant action also meets the second prong of the *Broadview* test. A declaratory judgment as to coverage will terminate and afford relief from the uncertainty that the insurers face as to coverage. *See Broadview,* 417 F.2d at 1001. As the Third Circuit stated in *ACandS, Inc. v. Aetna Cas. and Sur. Co.,* 666 F.2d 819 (3d Cir. 1981):

> The respective interests and obligations of insured and insurers, when disputed, require determination much in advance of judgment since they will designate the bearer of ultimate liability in the underlying cases and hence the bearer of the onus and risks of settlement.... [D]eclaratory judgment relief was intended to avoid precisely the "accrual of avoidable damages to one not certain of his rights."

*Id.* at 823 (quoting *Dewey & Almy Chem. Co. v. Am. Anode, Inc.,* 137 F.2d 68, 69 (3d Cir.), *cert. denied,* 320 U.S. 761, 64 S.Ct. 70, 88 L.Ed. 454 (1943)).

■ Nor is it the law that a federal court must decline to entertain a declaratory judgment action because a declaratory remedy may exist in the state court. *See Lake Carriers' Association v. MacMullan,* 406 U.S. 498, 510, 92 S.Ct. 1749, 1757, 32 L.Ed.2d 257 (1972); *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 16, 103 S.Ct. 927, 937, 74 L.Ed.2d 765 (1983). Fed.R.Civ.P. 57 provides that "[t]he existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate." The availability of declaratory relief in the state court, unsought by any party, does not, therefore, preclude the exercise of jurisdiction to grant such relief in the

federal action. *See Moore, supra,* ¶ 57.08, at 57–42.[1]

We therefore reverse.

---

**1.** We need not, therefore, address whether such a remedy is available in Connecticut state courts. *See Hartford Accident and Indemnity* *Co. v. Williamson,* 153 Conn. 345, 216 A.2d 635 (1966).