[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON MOTION TO STRIKE
This is an action for declaratory judgment brought by the plaintiff, United States and Guaranty Insurance Company [hereafter "USFG"], for the purposes of determining the rights and liabilities of USFG with respect to coverage under a commercial general liability insurance policy issued to the defendant Louis Decilio d/b/a LTD SPOTWELDERS [hereafter "defendant" or "Decilio"]. USFG requests a declaration that it shall not have to indemnify Decilio for payment of any sums or damages related to or arising out of claims made against him in a pending civil action, Lewis v. Decilio, CV-90-0177288-S (Superior Court for the Judicial District of Fairfield) [hereafter "underlying action"].
On April 20, 1993, defendant filed a motion to strike plaintiff's complaint in its entirety on the grounds that the request for declaratory relief is premature because the underlying action is still pending and that, pursuant to the provisions of Conn. Practice Book 390(c), an alternative means of redress is available to the plaintiff under the provisions of Conn. Gen. Stat. 38a-321. USFG filed an objection to the CT Page 6304 motion to strike on April 27, 1993.
Whether a court can grant declaratory relief is properly raised by a motion to strike. Aetna Casualty Surety Co. v. Jones, 220 Conn. 285, 293, 596 A.2d 414 (1991); England v. Coventry, 183 Conn. 362, 365, 439 A.2d 372 (1981). In deciding such a motion, the court must look only to the well pleaded facts of the complaint, which are assumed true. Id. at 365.
The pertinent facts, as alleged in the complaint, are as follows: Decilio owns and operates a business, Louis N. Decilio d/b/a LTD SPOTWELDERS, located at 25 Hawley Avenue, Bridgeport, Connecticut. USFG issued a commercial general liability insurance policy [hereafter "USFG policy"] for the period May 7, 1989 through May 7, 1990 to Louis N. Decilio, d/b/a LTD SPOTWELDERS which provided for payment of damages to which the insurance applies and costs of defense. Section I — Coverage A of the USFG policy provides for payment of "those sums that the insured becomes legally obligated to pay as damages because of `bodily injury' . . . . caused by an `occurrence.'" The policy defines an "occurrence" as "an accident." Section I, Coverage A, provides the following exclusion: "This insurance does not apply to . . . `bodily injury' . . . expected or intended from the standpoint of the insured." Coverage B of the USFG policy provides for payment of "those sums that the insured becomes legally obligated to pay as damages because of personal injury' . . . . only if caused by an offense[1] . . . arising out of the conduct of [insured's] business. . . ." The policy excludes coverage for personal injury "arising out of the willful violation of a penal statute or ordinance committed by or with the consent of the insured."
On or about December 11, 1990, a lawsuit for damages was brought against Decilio, Lewis v. Decilio CV-90-0177228-S, which is currently pending in the Superior Court at Bridgeport. The complaint in that action is in three counts: the First Count alleges a willful, wanton and malicious sexual assault, the Second Count alleges negligence arising out of the alleged sexual assault, and the Third Count alleges unlawful restraint, all alleged to have been acts of Decilio against Lewis. USFG retained counsel to represent Decilio in that action. USFG, however, denies its obligation to provide liability protection to Decilio for any claims that arise from the alleged sexual assault or unlawful restraint in the underlying action claiming that the alleged acts are not accidents, the alleged injuries CT Page 6305 were expected or intended from Decilio's standpoint, that the injuries and damages do not arise out of the conduct of Decilio's business and that they arise out of the willful violation of a penal statute or ordinance committed by or with the consent of Decilio. There is a dispute between USFG and Decilio who claims he is covered by the USFG policy.
A declaratory judgment action is a special statutory proceeding under General Statutes 52-59, implemented by Practice Book Section 388 et seq. Rhodes v. Hartford, 201 Conn. 89,92, 513 A.2d 124 (1986). "`The purpose of a declaratory judgment action is to secure an adjudication of rights where there is a substantial question in dispute or a substantial uncertainty of legal relations between the parties.'" (Citations omitted.) Saint Paul Fire Marine Ins. Co. v. Shernow, 22 Conn. App. 377, 381, 577 A.2d 1093 (1990). The statute and rules under it have been liberally construed in this state with a preference stated for giving broad scope to proceedings for declaratory judgment. Connecticut Savings Bank v. First National Bank, 133 Conn. 403, 409, 51 A.2d 907 (1947).
The defendant relies on Conn. Practice Book 390(c) in support of both grounds of his motion to strike. That section provides that "[t]he court will not render declaratory judgments . . . where the court shall be of the opinion that the parties should be left to seek redress by some other form of procedure."
 This rule vests a discretion in the trial court to determine whether, where a dispute between the parties is itself proper for determination in an action for declaratory judgment, such an action shall be permitted, or they shall be relegated to some other form of proceeding. South Norwalk Trust Co. v. Knapp, 128 Conn. 426, 432. . . ." Id. at 410.
Thus, 390(c) is a rule of discretion, not jurisdiction, and the burden is on the defendant to show that the court cannot, in the exercise of its discretion, permit his declaratory judgment action to proceed. England v. Coventry, 183 Conn. at 365; Connecticut Savings Bank v. First National Bank,133 Conn. at 410-11; Rudder Building Services Corp. v. Rudder, 3 CSCR 611,613 (Aug. 15, 1988) (Aronson, J.). CT Page 6306
A declaratory judgment action is an appropriate vehicle to determine whether an insured's acts are intentional ones not covered by liability insurance for accidents only. Aetna Casualty Surety Co. v. Murray, 145 Conn. 427, 143 A.2d 646
(1958). Accordingly, the court has the power to provide declaratory judgment relief in this case. Aetna Casualty 
Surety Co. v. Jones, 2 CSCR 630 (May 13, 1987) (N. O'Neill, J.), rev'd. on other grounds, 220 Conn. 285, 596 A.2d 414 (1991).
The motion to strike raises the issue that USFG has adequate redress sufficient to deny declaratory relief both through the potential of a defendant's verdict in the underlying action and, if the plaintiff in the underlying action does prevail, by denying coverage and defending itself in a subrogation action brought pursuant to the provisions of Conn. Gen. Stat. 38a-321. However, "[t]o deny declaratory relief on the ground of the existence of other remedies, it must appear that the asserted remedies are not only available but that they are speedy and adequate and as appropriate as the requested relief. [Citation omitted]." Aaron v. Conservation Commission,178 Conn. 173, 179, 422 A.2d 290 (1979).
The possibility of a defendant's verdict in the underlying action exists, of course, but that remedy cannot be described as either "speedy" or "convenient" for USFG. See Id.; England v. Coventry, 183 Conn. at 365. USFG is not a party to the underlying action and the counsel it selected to represent Decilio in that case owes its duty to him, not to USFG. Novella v. Hartford Accident Indemnity Co., 163 Conn. 552,573, 316 A.2d 394 (1972); Prudential Property v. Fagan,1 Conn. L. Rptr. 525, 527 (1990) (Flynn, J.). Thus, the defendant's first ground in support of his motion to strike does not suffice to persuade that it would be an improper exercise of discretion to permit this declaratory judgment action to proceed.
The defendant further claims that Conn. Gen. Stat.38a-321[2] provides a specific statutory remedy to USFG to address coverage and he relies, in his memorandum, on Hartford Accident Indemnity Co. v. Williamson, 153 Conn. 345,216 A.2d 635 (1966) for that proposition. Williamson is distinguishable, however.
In Williamson, the plaintiff insurer did not bring its declaratory judgment action against its insured, but rather CT Page 6307 against the driver (Williamson) and passenger (Gregvoli) of its insured's vehicle, who were employees of the insured and using the insured's vehicle in the course of their employment when an accident occurred. The passenger had sued the driver for negligence in a separate action and the insurer sought a declaration that its policy did not cover the driver, that it was not obliged to defend the driver in the passenger's negligence action, and that it was not obliged to pay any judgment the passenger obtained in his action. Id. at 348-49.
On these facts, the Supreme Court upheld the trial court's action in sustaining demurrer by the passenger to the declaratory judgment action on the ground that, if he obtained a judgment against the driver, the subrogation statute (then Conn. Gen. Stat. 38-175) provided a "plain and simple" method to determine whether the insurer had to pay. Id. at 349. Further, the court made clear that "[n]o facts are alleged in the complaint to demonstrate a reason for the determination of that question in a declaratory judgment action rather than under [the statute]." Id. at 350.
In this case, however, the complaint alleges facts which demonstrate a reason for the determination of the question of coverage in this declaratory judgment action. In particular, the complaint alleges that the underlying action claims liability both for intentional and negligent acts and that the USFG policy excludes coverage of the former. If judgment is entered for the plaintiff in the underlying action, it could be based on both claims and the nature of the verdict would likely provide the court with no way to separate these claims in an action brought pursuant to 38a-321. Aetna Casualty Surety Co. v. Jones, 2 CSCR at 631.
As was cogently discussed in two Superior Court decisions that are virtually identical to this case in that the underlying actions stated both intentional and negligent causes of action, defense counsel retained by USFG to represent Decilio in the underlying action is bound by the duty to represent the insured, not the insurance company, and is likely to seek a general verdict rather than request jury interrogatories which could result in the defendant's personal obligation to pay the judgment. Prudential Property v. Fagan, 1 Conn. L. Rptr. at 527; Aetna Casualty Surety Co. v. Jones, 2 CSCR at 631. "[W]hen a judgment is entered in a personal injury case against an insured based upon a general verdict which includes claims of CT Page 6308 both intentional and negligent action, then the court [in the action brought pursuant to Conn. Gen. Stat. 38a-321] will have to enter judgment for the insured based upon a general verdict against the insured." Prudential Property v. Fagan, 1 Conn. L. Rptr. at 527. Therefore, under the facts alleged in this complaint, 38a-221 does not provide USFG a speedy remedy as effective, convenient and complete as this declaratory judgment action and the exercise of discretion requires that this action be permitted.
For the foregoing reasons, the motion to strike is denied.
LAGER, J.