[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED JANUARY 17, 1995
The plaintiffs, Sandra Nagy and Laszlo Nagy, allege in their fourth amended complaint dated September 19, 1994, that the defendants, Marie Lapico[1] and Susan Boodley, were the owners or keepers of a dog that attacked Sandra Nagy on December 25, 1992. The plaintiffs seek recovery for physical, emotional and financial damages which have allegedly occurred as a result of the attack. The plaintiffs base their claim for damages on theories of negligence as well as statutory liability under General Statutes § 22-357.
In the eighth count of their complaint, the plaintiffs seek a declaratory judgment from the court against the third defendant in this case, Allstate Insurance Company (All State), that Mary Lapico is covered under a homeowner insurance policy issued by Allstate for the damages allegedly occurring on the defendants' property. The plaintiffs allege that Allstate has refused to defend and indemnify Mary Lapico and that this has harmed and will continue to harm the plaintiffs. The plaintiffs therefore seek a determination by the court as to whether Allstate has a duty under the alleged homeowner policy to defend and indemnify Mary Lapico in this case. In addition, the plaintiffs have included this request for a declaratory judgment as the second element in their prayer for relief.
Allstate has moved to strike the eighth count as well as the second element in the prayer for relief on the ground that a declaratory judgment by the court is not CT Page 973 proper in this case. Allstate has filed two memoranda of law in support of its motion. The plaintiffs have filed a memorandum of law in opposition.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Citations omitted; internal quotation marks omitted.) Novametrix Medical Systems, Inc. v.BOC Group Inc., 224 Conn. 210, 214-15, 618 A.2d 25
(1992).
"In ruling on a motion to strike the trial court is limited to considering the grounds specified in the motion." Meredith v. Police Commission, 182 Conn. 138,140, 438 A.2d 27 (1980). A motion to strike "must rely wholly upon the factual allegations of the pleading addressed and may not contain affirmative factual assertions which could only be proved by evidence."State v. Bashura, 37 Conn. Sup. 745, 748,436 A.2d 785 (App. Sess. 1981), citing Bedard v. Cunneen,111 Conn. 338, 341, 149 A. 890 (1930)). The motion "admits all well pleaded allegations and all facts provable thereunder." Doyle v. AP Realty Corporation,36 Conn. Sup. 126, 127, 414 A.2d 204 (Super.Ct. 1980).
Allstate claims that under Practice Book § 390,[2] a declaratory judgment is improper in this case. Allstate argues that "a declaratory judgment action must rest on some cause of action that would be cognizable in a non-declaratory suit"; (Memorandum of Law in Support of Motion to Strike, p. 4, quoting Wilson v. Kelley,224 Conn. 110, 115-16, 617 A.2d 433 (1992); and that "[w]here the complaint [seeking a declaratory judgment], on its face, discloses that another adequate remedy exists, the complaint is vulnerable to [a motion to strike]"; quoting Hartford Accident Indemnity Companyv. Williamson, 153 Conn. 345, 349, 216 A.2d 635
(1966). Allstate maintains that the plaintiffs have no recognizable cause of action against Allstate at this point in time, and, additionally, that the "direct action statute", General Statutes § 38a-321,[3] formerly § 38-175, provides CT Page 974 the proper vehicle by which the plaintiffs may seek recovery from a tortfeasor's insurer, and, therefore, a declaratory judgment would be improper in this case.
General Statutes § 38a-321 provides the proper procedure by which an injured party may seek recovery of damages directly from a tortfeasor's insurer. In HartfordAccident Indemnity Company v. Williamson, supra,153 Conn. 345, the Court emphasized that under § 390(c) of the Practice Book, "a declaratory judgment will not be rendered . . . where the court shall be of the opinion that the parties should be left to seek redress by some other form of procedure." Id. 347. Hartford Accident concerned a case where an insurer sought a declaratory judgment that the insurer was not liable under a policy for damages resulting from a motor vehicle accident. In affirming the trial court's granting of the injured party's motion to strike, the Court stated:
 It is to be borne in mind that our declaratory judgment act, which, at its inception, this court described in Braman v. Babcock, 98 Conn. 549, 556, 120 A. 150, as a "novel method of judicial procedure . . . enlarging our methods of remedial justice" should not be used, in these days of crowded dockets to take up the time of the court unnecessarily. Lipson v. Bennett, 148 Conn. 385, 390, 171 A.2d 83; Sturtevant v. Sturtevant, 146 Conn. 644, 650, 153 A.2d 828. It is not designed to supplant established procedures for good reason. Until [the injured party] succeeds in obtaining a judgment against [the alleged tortfeasor], the question of the necessity for the [insurer] to respond to it does not arise. If [the injured party] does recover a judgment, then General Statutes § 38-175 [presently § 38a-321] provides the means for the determination whether that judgment is against a person who was insured by the [insurer] against the liability involved. Skut v. Hartford Accident Indemnity Co., 142 Conn. 388, 393, 114 A.2d 681; see also Harty v. Eagle Indemnity Co., 108 Conn. 563, 143 A. 847.
Hartford Accident Indemnity Company v. Williamson,supra, 153 Conn. 349-50. CT Page 975
The plaintiffs claim that the "law of the case" requires that count eight and the second element in the prayer for relief of their fourth amended complaint not be stricken. (Plaintiffs' Memorandum of Law in Opposition to Defendant's Motion to Strike, p. 2.) In a motion to cite in Allstate as a party defendant, granted by this court on April 25, 1994, the plaintiffs alleged that "Allstate has provided a defense and agreed to indemnify the defendant, Susan Boodley, but has wrongfully denied coverage for the defendant, Marie Lapico." (Motion to Cite In Party Defendant, paragraph 4.) InHammond v. Council, 10 Conn. L. Rptr. 273 (December 13, 1993) (Lewis, J.), the court decided that the issue of coverage may be decided in the same lawsuit as the underlying negligence action where an insurer initiallyprovides a defense to an action and enters into settlementnegotiations on behalf of an insured and subsequentlydenies coverage. Judge Lewis stated that, "the Supreme Court found a waiver of an insurance company's right to disclaim coverage where the companyoriginally acknowledged that the policy coveredthe claim . . ." (Emphasis added.) Hammond v. Council,supra, 10 CONN. L. RPTR. 275, quoting National CasualtyInsurance Company v. Stella, 26 Conn. App. 462,465, 601 A.2d 557 (1992), citing Jenkins v. IndemnityInsurance Company, 152 Conn. 249, 260,205 A.2d 780 (1964). "Under our practice, the court is granted broad discretion in ruling upon a motion to admit new parties to proceedings before it." Jones v. Ricker,172 Conn. 572, 575 n. 3, 375 A.2d 1034 (1977). Therefore, this court properly granted the plaintiffs' motion to cite in Allstate to determine if the facts in this case supported the view taken in Hammond. Furthermore, in the plaintiffs' motion to cite in Allstate, the plaintiffs alleged facts showing the interest of Allstate Insurance Company and why it should be made a defendant in this action. (Motion to Cite In Party Defendant, p. 3.) The plaintiff having been given the opportunity to bring this case within the perimeters of Hammond v.Council, supra, the court must now determine if it has done so. It is the facts contained in the plaintiffs' fourth amended complaint, that this court is presently concerned with in regard to Allstate's motion to strike. No facts are alleged in the fourth amended complaint CT Page 976 to indicate that Allstate had previously acknowledged insurance coverage of Mary Lapico, as required underHammond. Therefore this case does not come within the perimeters of the Hammond case. "The law of the case . . . expresses the practice of judges generally to refuse to reopen what has been decided and it is not alimitation on their power . . . Where a matter has previously been ruled upon interlocutorily, the court in a subsequent proceeding in the case may treat that decision as the law of the case, if it is of the opinion that the issue was correctly decided . . ." (Citations omitted; emphasis added; internal quotation marks omitted.) Lewis v. Gaming Policy Board, 224 Conn. 693,697, 620 A.2d 780 (1993).
In the alternative, the plaintiffs argue that there is support for this court to render a declaratory judgment in this case. The two cases which the plaintiffs cite as authority, however, are not dispositive to the present case. See Safeco Insurance Company v. Vetre,174 Conn. 329, 387 A.2d 539 (1978) (an appeal taken from a trial court's decision that "where an insured is covered by two policies, both of which contain other insurance or proration clauses, the total liability under both policies cannot exceed the higher applicable limits of liability on either . . .") (internal quotation marks omitted); and Pecker v. Aetna Casualty SuretyCompany, 171 Conn. 443, 370 A.2d 1006 (1976) (to what extent was the insurer liable to the insured's son under a family insurance policy for injuries the insured's son sustained in a motorcycle accident). Neither of these cases deals with the issue presented in this case, i.e., whether an injured party may seek a declaratory judgment as to liability of an insurer under an alleged insurance policy carried by an alleged tortfeasor prior to the injured party securing a final judgment as required under § 38a-321.
Finally, the plaintiffs argue that the court may issue a declaratory judgment in this case due to the fact that an action under § 38a-321 "would not be nearly as speedy, convenient or complete" as settling everything in one law suit. (Memorandum of Law in Opposition to Defendant's Motion to Strike, p. 5.) "From the allegations of the complaint in the present case, it is clear CT Page 977 that § 38-175 [presently § 38a-321] of the General Statutes furnishes a plain and simple method for the determination of the liability of the [insurer] to respond to a judgment obtained by the [injured party]." HartfordAccident Indemnity Company v. Williamson,supra, 153 Conn. 349.
Based on the foregoing discussion, the court grants a the defendant Allstate Insurance Company's motion to strike count eight and the second element of the prayer for relief in the plaintiffs, fourth amended complaint.