[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (No. 111)
The motion for summary judgment now before the court has been filed by CT Page 17117 the plaintiff insurance company in a declaratory judgment action. The complaint — and thus the motion — seek a declaration as to the insurer's duty to defend and indemnify the defendants in an underlying tort action. For the reasons briefly stated below, there is no genuine issue as to any material fact, and the motion must be granted as to the duty to defend.
The underlying action, Gershberg v. Kean, No. CV-0174316S (J.D. Stamford-Norwalk), is currently awaiting trial. The allegations in theGershberg case arise from the Gershbergs' 1997 purchase of a condominium unit in Westport that, they claim, turned out to be seriously polluted from being constructed next "to a long-buried landfill." The named defendant is Glenna Kean, who in her capacity as executrix of the estate of Lillian Lewis, allegedly sold the condominium to the Gershbergs. There are numerous defendants in the lawsuit, but only the two defendants insured by the plaintiff in the instant case are important here: Brian McHugh and McHugh Construction, Inc. (collectively referred to as "McHugh"). The revised complaint in the Gershberg action contains three counts directed at McHugh.
The Thirteenth Count alleges nondisclosure. It claims that McHugh was "engaged in providing professional real estate inspection services for compensation." In 1997, the Gershbergs hired McHugh "to perform a building inspection and render a professional opinion as to the structural soundness" of the condominium in question. McHugh subsequently delivered a report. The Thirteenth Count alleges that McHugh's "investigation" and "report" tortiously failed to disclose a number of problems concerning the condominium.
The Fourteenth Count alleges a violation of the Connecticut Unfair Trade Practices Act, Conn.Gen.Stat. § 41-110b, et seq. ("CUTPA"). It incorporates the factual allegations of the Thirteenth Count and adds that McHugh was "engaged in the trade or commerce of providing real estate inspection services for profit."
The Fifteenth Count alleges negligence. That count essentially restates the factual allegations of the Thirteenth Count and asserts that McHugh "was negligent in the performance of real estate inspection and reporting services.
The present declaratory judgment action was commenced by service of process on March 1, 2001. Nationwide Mutual Insurance Co. ("Nationwide") is the sole plaintiff. All of the parties in the underlying Gershberg
action have been named as defendants. The complaint consists of a single count requesting a declaratory judgment as to Nationwide's duty to defend and indemnify McHugh, with whom it has a contract of insurance. CT Page 17118
Nationwide has no contract with any party in the Gershberg action other than McHugh. In spite of this fact, the case has been litigated in a somewhat awkward fashion. McHugh has been defaulted for failure to appear. However, McHugh's co-defendant, Kean, has appeared and, unaccompanied by any other defendant, has contested the case.
On May 30, 2001, Nationwide filed the motion for summary judgment now before the court. The motion was submitted to the court on December 17, 2001.
The court's consideration of the issues is restricted by Supreme Court precedent. In Hartford Accident Indemnity Co. v. Williamson,153 Conn. 345, 216 A.2d 635 (1966), the Court held that the statute now codified as Conn.Gen.Stat. § 38a-321 "furnishes a plain and simple method for the determination of the liability of the plaintiff to respond to a judgment obtained [in the pending action]." 153 Conn. at 349. Given this fact, "the only proper exercise of discretion would be to leave the plaintiff to seek redress in a defense to an action under the statute should the occasion for that arise." Id. at 350. Because of this limitation, the court will not exercise its discretion to deliver a declaratory judgment on the duty to indemnify. On the other hand, a declaratory judgment on the duty to defend is unproblematic. The issue is squarely presented by Nationwide's complaint and is ripe for adjudication since, without a declaratory judgment to the contrary, Nationwide will be required to expend its resources for the defense of the insured party.
"The question of whether an insurer has a duty to defend its insured is purely a question of law, which is to be determined by comparing the allegations of [the underlying] complaint with the terms of the policy."Community Action For Greater Middlesex County, Inc. v. American AllianceInsurance Co., 254 Conn. 387, 395, 757 A.2d 1074 (2000). "The duty to defend an insured arises if the complaint states a cause of action which appears on its face to be within the terms of the policy coverage. . . . Because [t]he duty to defend has a broader aspect than the duty to indemnify and does not depend on whether the injured party will prevail against the insured . . . [i]f an allegation of the complaint falls evenpossibly within the coverage, then the insurance company must defend the insured." Lightowler v. Continental Insurance Co., 255 Conn. 639, 643 n. 7, 769 A.2d 49 (2001). (Citations and internal quotation marks omitted; emphasis in original.)
At the time of the actions in question in the Gershberg case, Nationwide had three different insurance contracts with McHugh. Two are contractors policies that, for purposes of this case, are identical. The third is a business provider contract that differs from the contractors CT Page 17119 policies in slight but (for purposes of this case) insignificant ways.
In the contractors policies, Nationwide promises to "pay those sums that the insured becomes legally obligated to pay as damages because of `bodily injury,' `property damage,' `personal injury' or `advertising injury' to which this insurance applies." Nationwide also assumes the "duty to defend any `suit' seeking those damages." (Contractors policies ¶ A.1.a.) The contractors policies contain numerous exclusions. Nationwide claims the benefit of three exclusions, relating, respectively, to "pollutants," "professional service," and "`your product' or "your work.'" Because the "professional service exclusion is dispositive here, only that exclusion need be described.
The contractors policies provide that those policies do not apply to:
 "Bodily injury," "property damage," "personal injury" or "advertising injury" due to rendering or failure to render any professional service. This includes but is not limited to:
 (1) Preparing, approving, or failing to prepare or approve maps, drawings, opinions, reports, surveys, change orders, designs or specifications; and
(2) Supervisory, inspection or engineering services.
(Contractors policies ¶ B.1.j.)
In the business provider contract, Nationwide makes coverage and defense representations identical to those contained within the contractors policies. Like the contractors policies, the business provider policy contains exclusions relating to "pollutants," "professional service," and "`your product' or `your work.'" The "professional service" exclusion provides, in relevant part, that the insurance does not apply to:
 "Bodily injury," "property damage," "personal injury" or "advertising injury" due to rendering or failure to render any professional service. This includes but is not limited to:
. . . .
 (2) Preparing, approving, or failing to approve maps, drawings, opinions, reports, surveys, change orders, designs or specifications; [and]
CT Page 17120
 (3) Supervisory, inspection or engineering services. . . .
(Business provider policy ¶ B.1.j.)
"[W]hen an exclusion clause is relied upon to deny coverage, the insurer has the burden of demonstrating that the allegations of the [underlying] complaint cast that pleading solely and entirely within the policy exclusions, and, further, that the allegations, in toto, are subject to no other interpretation." Technicon Electronics Corp. v.American Home Assurance Co., 542 N.E.2d 1048, 1050 (N.Y. 1989). (Internal quotation marks and citations omitted.) Although this is a heavy burden, Nationwide has met it here. Even broadly read, the allegations contained in the Thirteenth, Fourteenth, and Fifteenth Counts of the Gershberg
complaint exclusively allege shortcomings in McHugh's "professional real estate inspection services," "inspection," and "report." Each of Nationwide's policies unambiguously excludes "professional service," "reports" and "inspection or engineering services" from coverage.
Connecticut courts "adhere to `broad interpretation' standards in construing insurance policies." QSP, Inc. v. Aetna Casualty SuretyCo., 256 Conn. 343, 376, 773 A.2d 906 (2001). Even under this standard, the allegations in the Gershberg complaint do not fall "even possibly within the coverage," id., of Nationwide's policies because those allegations exclusively involve "professional services" which are excluded from the policies in question.
The motion for summary judgment is granted insofar as it seeks a declaration that Nationwide has no duty to defend McHugh in theGershberg case. For reasons discussed above, the court issues no declaration on the duty to indemnify.
Jon C. Blue Judge of the Superior Court