[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON NOTION FOR JOINDER OF PARTIES
Nationwide Mutual Insurance Company has requested that it be joined as a party defendant in the above-captioned case.
Nationwide cites as its authority for the right to be joined Section 9-6
of the Connecticut Practice Book. That section provides:
 "Any person may be made a defendant who has or claims to have an interest in the controversy, or any part thereof, adverse to the plaintiff, or when it is necessary, for a complete determination or settlement of any questions involved therein, to make a party."
Nationwide also cites the recent Supreme Court holding in DaCruz v.State Farm Fire Casualty Co., 69 Conn. App. 507 (2002).
The plaintiffs complain that the defendant Gaines was negligent on or about December 4, 2000. The plaintiffs claim that the defendant's negligence with a road flare which he dropped or threw on the road to be caused its barn building damaged by fire. The defendant Gaines has filed an answer denying any liability for the fire.
Nationwide states in its motion that Nationwide is providing Gaines with a legal defense and providing him with an attorney to defend the action under a reservation of rights. Nationwide wants to become a defendant in the action because it claims that Gaines has no coverage under his parents' homeowner's insurance policy.
Recently, in DaCruz v. State Farm Fire Casualty Co.,69 Conn. App. 507 cert. granted 261 Conn. 938[1] (2002), the Appellate Court held that State Farm was bound by a finding of negligence entered by default in the underlying case. State Farm was not a party in the underlying case. CT Page 16498
On January 14, 1994 the plaintiff DaCruz, then a minor, was brutally beaten by a classmate, Michael Bullock, while attending Amity Regional High School in Orange. On October 4, 1995 the plaintiff commenced an action DaCruz v. Amity High School School District, Superior Court, Judicial District of Ansonia/Milford, docket no. 00-52333-S (October 4, 1995). That action sought compensation for his injuries and alleged that Bullock intentionally and negligently had caused his injuries. State Farm retained an attorney to represent Bullock in the DaCruz action under a reservation of rights.
On April 25, 1996 State Farm brought an action for declaratory judgment to determine if it had a duty to defend or to indemnify the Bullocks against the plaintiffs' underlying claim under the terms of its homeowner's insurance contract with Curtis Bullock, Michael's father. On May 30, 1997, the court (Blue, J) rendered judgment declaring that State Farm did not have a duty to defend any of the Bullocks against the plaintiffs claim. The court declined, however, to render judgment declaring that State Farm did not have a duty to indemnify Bullock or his parents. No appeal was taken from that judgment.
Following Judge Blue's ruling, the attorney retained by State Farm in the DaCruz action withdrew his appearance on the basis of Judge Blue's decision. The Trial Court granted the plaintiff's motion for default and thereafter at a hearing in damages concluded that Bullock and his parents were jointly and severally liable to the plaintiff. The court conducting the hearing in damages signed a judgment which was prepared by the plaintiff in which it concluded that Bullock had acted intentionally and negligently. No appeal was taken.
On April 26, 1999, the plaintiffs seeking to have the judgment satisfied in his favor, commenced an action against State Farm pursuant to Section 38a-321. State Farm attempted to defend that action claiming that the attack was deliberate and not negligence and therefore, was not an "occurrence' covered by the policy. Both the plaintiff and State Farm filed motions for summary judgment. The court denied the plaintiffs' motion for summary judgment and granted State Farm's motion. The court denied the plaintiffs' motion because it concluded "no reasonable person could but find that the assault on the [plaintiff] was no accident and, therefore not caused by an occurrence as defined within State Farm's policy." The Appellate Court reversed the Trial Court's denial of summary judgment. The Appellate Court found that if State Farm could collaterally attack the underlying judgment it would render Section 38a-321
meaningless and circumvent the purpose of the doctrine itself.
An examination of Judge Blue's memorandum in State Farm Fire CT Page 16499Casualty v. Bullock, 1997 Ct. Sup. 4898 (May 30, 1997) is helpful in understanding the Appellate Court's decision. Judge Blue ruled that State Farm had no duty to defend because the plaintiff's pleading in the underlying case did not allege an event covered by its policy. He then held:
 "State Farm seeks a declaratory judgment both as its duty to indemnify and its duty to defend. The Superior Court's ability to grant a declaratory judgment as to the duty to indemnify is however significantly restricted by Supreme Court precedent. In Hartford Accident Indemnity Co. v. Williamson, 153 Conn. 345, 216 A.2d 635 (1996) the Supreme Court held that the statute now codified as Connecticut General Statute § 38a-321 `furnishes a plain and simple method for the determination of the liability of the plaintiff to respond to a judgment obtained [in the pending action]' 153 Conn. at 349. Given this fact, "the only proper exercise of discretion would be to leave the plaintiff to seek redress in a defense to the action under the statute should the occasion for that arise." Id. at 350."
Judge Blue goes on to point out that while there may be some tension between Williamson and subsequent Supreme Court precedent, the court has not overruled Williamson. He concludes that the motion for summary judgment must be denied insofar as it seeks a declaratory judgment as to the duty to indemnify.
Nationwide, in its motion to be made a party defendant states:
 "Nationwide must intervene in this case to assert its coverage position and obtain a judicial determination that there is no duty to indemnify the defendant or else it will be bound by any judgment rendered in the case."
Nationwide is attempting to do precisely what the Supreme Court in Williamson and the Trial Court in DaCruz said an insurance company could not do. Indeed, the Appellate Court in DaCruz wrote as follows:
"One of the purposes of Section 38a-321 is to protect a victim from a judgment proof tortfeasor. See Id. 672. It allows the victim to bring a direct action for indemnification against the insurance company. The CT Page 16500 plaintiff, however, must first obtain a final judgment in the underlying tort action. If the plaintiff were able to assert collateral estoppel against the defendant insurer, he would be required to first litigate the tort action and then litigate the 38a-321
action because the insured and insurer would never be in privity to one another. This would render the provisions of 38a-321 meaningless because there would be no "final judgment" for which the insurer would be "absolutely liable." Furthermore, because the victim is subrogated to the rights of the insured and, therefore, subject to any defense the insurer may have against the insured, the insurer's rights are also protected."
DaCruz, supra at 513-514.
In short, Section 38a-321 is the exclusive remedy to determine the obligation to pay between an injured plaintiff and the defendant's insurance carrier. If a plaintiff recovers a judgment and then proceeds against the insurer under the statute, the insurer has any rights against the plaintiff that it would have had against its own insured. Certainly it could raise matters such as nonpayment of premium, cancellation of the policy or other defenses to payment. However it does not appear that it can raise matters which were already litigated between its insured and the plaintiff in the original action. "[A] declaratory judgment action addressing an insurer's duty to defend raises different justiciability concerns than the declaratory judgment action addressing the duty to indemnify. This is so for two reasons. First, Williamson, which involved only the duty to indemnify, is not binding precedent on the question of the duty to defend. Second, there is an important practical difference between the two duties. While Conn. Gen. Stat. § 38a-321 provides an appropriate procedure for an insurance company to defend against an indemnification claim that procedure does not address the duty to defend." State Farm Fire Casualty v. Bullock, supra. (Blue opinion).
The court concludes that Nationwide does not have the right in this action to argue for a declaratory determination concerning indemnity. Accordingly, its intervention in the current action would serve no purpose. The motion for joinder as a defendant is denied.
BY THE COURT
___________________ CT Page 16501 Kevin E. Booth, J.