[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed October 9, 1996
In this declaratory judgment action, the plaintiff seeks a determination of its rights and obligations under a homeowners insurance policy issued to the defendant. There are seven claims pending against the defendant by individuals who allege that he sexually assaulted them. The complaint in this case requests a determination that the plaintiff has no duty to indemnify or to defend these claims. CT Page 6372
The defendant moves to strike the complaint in this action on two grounds:
 1. Under the proper application of P.B. § 390(c), the plaintiff should seek redress by some other form of procedure; and
 2. The plaintiff has failed to comply with P.B. § 390(d)
A motion to strike challenges the legal sufficiency of a pleading. P.B. § 152. "Like the demurrer it admits all facts
well pleaded." Mingachos v. CBS, Inc., 196 Conn. 91, 108 (1985). Further, the facts as pleaded in the complaint must be construed most favorably towards the plaintiff. Gordon v. BridgeportHousing Authority, 208 Conn. 161, 170 (1988). Accordingly, if the facts provable under the allegations support a cause of action, the motion must fail.
 I
Under P.B. § 390(c). "the court will not render declaratory judgments where the court shall be of the opinion that the parties should be left to seek redress by some other form of procedure." The defendant argues that General Statutes § 38a-321 is the appropriate means to determine the issues brought in this action. That argument is properly before the court in a motion to strike. Aetna Casualty Surety v. Jones,220 Conn. 285, 293-94 (1991). In deciding the motion on this ground, the court must determine that it could not "in the exercise of sound discretion" allow this action to proceed.England v. Coventry, 183 Conn. 362, 265 (1981). General Statutes § 38a-321 provides a procedure thirty days after judgment in the underlying actions.[1]
As interpreted in England v. Coventry, subsection (c) of § 390 "allows the trial court wide discretion to render a declaratory judgment unless another form of action clearly affords a speedy remedy as effective, convenient, appropriate and complete." 183 Conn. at 365. Because General Statutes §38a-321 is not triggered until after the underlying action has gone to judgment, it does not provide as speedy, appropriate or complete a remedy as to the issue of duty to defend or indemnify as this declaratory judgment action. See Aetna Casualty Suretyv. Gentile, Docket No. CV93 353207, 11 CONN. L. RPTR. 144 (J.D. CT Page 6373 New Haven) (3/22/94) (Fracasse, J.).
Accordingly, the court cannot find that (c) of P.B. § 390 requires this court to strike the complaint.
 II
The plaintiff further argues that the complaint should be stricken since all the persons having an interest in the subject matter of the complaint are not parties to the action.
In paragraph 23 of the complaint, the plaintiff alleges
 23. All persons having an interest in the subject matter of this action are parties hereto or have been given reasonable notice hereof.
Practice Book 390(d) provides that a court will not render declaratory judgment "unless all persons having an interest in the subject matter of the complaint are parties to the action or have reasonable notice thereof." The defendant cites recent appellate authority to argue that, in this instance, the rule requires the seven claimants to be made parties. The court has reviewed that authority, namely AIU Ins. Co. v. Brown,42 Conn. App. 363, 368 (1996), and the authority it cites, Benz v.Walker, 154 Conn. 74, 78 (1966). Neither case holds that a declaratory judgment action must be stricken because not all interested persons have been made parties. In fact, the AIU case addressed the denial of a motion to intervene. In the Benz case, there had been no notice to interested parties. See alsoMannweiler v. LaFlamme, 232 Conn. 27, 32-36 (1995). At this procedural stage, there is no authority to support striking the action when notice to all interested parties is alleged. Serraniv. Board of Ethics, 225 Conn. 305, 309-10 (1993).
The plaintiff pleads sufficient facts to withstand a motion to strike as to reasonable notice. Nevertheless, the court notes that no action has been taken on the seven Applications for Orders of Notice filed by the plaintiff. Without such notice, no judgment will enter. Connecticut Ins. Guaranty Assn. v. RaymarkCorporation, 215 Conn. 224, 230 (1990).
For the foregoing reasons, the Motion to Strike is denied.
DiPENTIMA, J. CT Page 6374