[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The Plaintiff moves for summary judgment on its complaint, and the defendant, Windham Community Memorial Hospital, moves for summary judgment on the complaint and its counterclaims.
In the complaint, the plaintiff seeks a declaratory judgment that it need not defend and indemnify the hospital in an CT Page 562-U underlying action against the hospital brought by the employees of the hospital for injuries purportedly sustained during employment. The hospital counterclaims seeking a declaratory judgment on this issue in its favor and seeks damages for the plaintiffs alleged breach of an implied covenant of good faith and fair dealing by refusing to defend and indemnify the hospital against the underlying claims.
Both sides agree that no genuine issue of fact exists as to the relevant language of the insurance policy in question nor to the allegations contained in the underlying complaint of the employees against the hospital. Section D of Part Two of the insurance policy requires the plaintiff, at its expense, to defend any claim or suit against the hospital if that claim or suit pertains to damages covered by the policy. The plaintiff has no duty under the policy to defend against claims excluded from coverage. Section C of Part Two sets forth the claims which are excluded from coverage. Paragraph 5 of Section C eliminates coverage for "bodily injury intentionally caused or aggravated by [the hospital]."
The suit by the employees against the hospital alleges that the hospital intentionally placed those employees in circumstances where it was substantially certain they would be injured. Specifically, the employees contend that they were CT Page 562-V exposed to ethylene oxide which was leaking from a sterilizer used by the hospital. This underlying complaint lacks any allegation that the hospital intended that the employee be injured by such exposure only that the hospital wilfully placed them in a position where injury was highly likely to occur.
The court holds, as a matter of law, that the insurance policy covers the employee's claims and suit against the hospital. The relevant exclusion clause unambiguously pertains only to bodily injuries which the hospital intended to inflict. The underlying suit avers that the hospital consciously exposed them to substantial danger but lacks the accusation that the hospital intended to injure its employees. The underlying suit sets forth a classic allegation of reckless conduct, i.e. a conscious disregard of a known risk, but it is a far cry from an allegation of intentional battery.
To establish an intentional act triggering the exclusion clause, the claim must be one which avers that the insured intended the act which caused the injury and the bodily injury itself, Allstate Insurance Co. v. Plude, Superior Court, J.D. Fairfield, DN CV93-303371 (January 31, 1995).
Because the policy covers the claims made in the underlying suit, the plaintiffs motion for summary judgment is denied and CT Page 562-W the hospital's motion granted as to the complaint. Also, the hospital's motion for summary judgment on its counterclaim is granted as to its request for declaratory judgment. The hospital's motion is denied as to its claim of breach of the implied covenant of good faith and fair dealing because, as to that count, a genuine dispute as to the motivation and reasonableness of the plaintiffs refusal to defend the hospital exists.
Sferrazza, J.