[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On September 21, 1998, the plaintiff, Hanover Insurance Company (Hanover), filed a revised single count complaint against the defendants, Kurt Halfmann and Delores Egan, seeking a declaratory judgment as to its duty to defend and its duty to indemnify Halfmann under a policy issued by its company. Halfmann seeks a defense and coverage for claims brought by Egan in an underlying action Egan v. Halfmann, Superior Court, judicial district of New Haven at New Haven, Docket No. 410225. In that action, Egan alleged injuries resulting from an assault by Halfmann. In his answer, Halfmann denied the incident as alleged and pleaded the special defense of self defense.
In the present action for a declaratory judgment, Hanover alleges that it has no duty to defend or indemnify Halfmann because the policy excludes actions which are "expected or intended" by the insured and acts "arising out of sexual molestation, corporal punishment or physical or mental abuse." CT Page 14172 Additionally, Hanover alleges that Halfmann's actions do not constitute an "occurrence" as defined by its policy. Egan filed a motion to dismiss Hanover's complaint on July 30, 1998, which was denied. Subsequently, Egan moved to strike Hanover's complaint, and the motion was denied on March 9, 1999. Egan filed a motion to reargue, claiming, inter alia, that the "leading case . . . on whether a court should entertain a declaratory judgment action by an insurance carrier, on its duty to indemnify while an action is pending [is] Hartford [Accident Indemnity Co.] v. Williamson
[153 Conn. 345, 216 A.2d 635 (1966)]." This court granted the motion to reargue on July 12, 1999. Both Hanover and Egan have timely filed memoranda.
"The motion to strike . . . replaced the demurrer in our practice. Its function, like that which the demurrer served, is to test the legal sufficiency of a pleading." (Internal quotation marks omitted.) RK Constructors, Inc. v. Fusco Corp. ,231 Conn. 381, 384, 650 A.2d 153 (1994). Whenever a party wishes to contest the legal sufficiency of a complaint, the party may do so by filing a motion to strike. See Peter-Michael, Inc. v. Sea ShellAssociates, 244 Conn. 269, 270, 709 A.2d 558 (1998). In considering a motion to strike, "[t]he court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Faulkner v. UnitedTechnologies, Corp. , 240 Conn. 576, 580, 693 A.2d 293 (1997). All well-pleaded facts are admitted as true, but neither legal conclusions nor the truth or accuracy of opinions are admitted. See Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368
(1985). "Whether a court should grant declaratory relief is properly decided by a motion to strike." Aetna Casualty SuretyCo. v. Jones, 220 Conn. 285, 293, 596 A.2d 414 (1991).
"The purpose of a declaratory judgment action is to secure an adjudication of rights where there is a substantial question in dispute or a substantial uncertainty of legal relations between the parties." (Internal quotation marks omitted.) St. Paul Fire Marine Ins. Co. v. Shernow, 22 Conn. App. 377, 380-81,577 A.2d 1093 (1990), affd, 222 Conn. 823, 610 A.2d 1281 (1992).[1] The statute providing for a declaratory judgment and the rules under it have been liberally construed in Connecticut with a preference stated for giving broad scope to proceedings for a declaratory judgment. Connecticut Savings Bank v. First National Bank,133 Conn. 403, 409, 51 A.2d 907 (1947). "There is no question that a declaratory judgment is a suitable vehicle to test the rights and CT Page 14173 liabilities under an insurance policy." St. Paul Fire MarineIns. Co. v. Shernow, supra, 22 Conn. App. 380. Declaratory judgment actions have been used to determine whether an insurer has a duty to defend and indemnify its insured. Holy TrinityChurch v. Aetna Casualty Surety Co., 214 Conn. 216,571 A.2d 107 (1990).
Specifically, "[a] declaratory judgment action is an appropriate vehicle to determine whether an insured's acts are intentional ones not covered by liability insurance for accidents only." United States Fidelity Guaranty Ins. Co. v. Decilio, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 298501 (June 29, 1993, Lager, J.); see also AetnaCasualty Surety Co. v. Murray, 145 Conn. 427, 143 A.2d 646
(1958). The defendant bears the burden of showing that in the exercise of its discretion, a court could not permit the action for declaratory judgment to proceed. See England v. Coventry,183 Conn. 362, 439 A.2d 372 (1981); United States Fidelity Guarantyv. Decilio, supra, Superior Court, Docket No. 298501.
"[T]he purpose of a reargument is . . . to demonstrate to the court that there is some decision or some principle of law which would have a controlling effect, and which has been overlooked, or that there has been a misapprehension of facts." (Internal quotation marks omitted.) Jaser v. Jaser, 37 Conn. App. 194, 202,655 A.2d 790 (1995). In its motion, the defendant claims that this court has overlooked Hartford Accident Indemnity Co. v.Williamson, supra, 153 Conn. 345 and Markey v. Santangelo,195 Conn. 76, 485 A.2d 1305 (1985).
In her motion to reargue, Egan states that the court should follow the Connecticut Supreme Court's ruling in HartfordAccident Indemnity Co. v. Williamson, supra, 153 Conn. 345. In that case, the Connecticut Supreme Court held that General Statutes § 38a-321 "furnishes a plain and simple method for the determination of the liability of the plaintiff to respond to a judgment obtained [in the pending action]." Section 38a-321
provides, in pertinent part, that "[u]pon the recovery of a final judgment against any person, firm or corporation by any person . . . if the defendant in such action was insured against such loss or damage at the time when the right of action arose and if such judgment is not satisfied within thirty days after the date when it was rendered, such judgment creditor shall be subrogated to all the rights of the defendant and shall have a right of action against the insurer to the same extent that the CT Page 14174 defendant in such action could have enforced his claim against such insurer had such defendant paid such judgment."
Although in Hartford Accident Indemnity Co. v. Williamson, supra, 153 Conn. 345, the court was critical of the use of a declaratory judgment action to test coverage under an insurance policy, later cases have decided insurance coverage through a declaratory judgment action without similar criticism. See HolyTrinity Church v. Aetna Casualty Surety Co., supra,214 Conn. 216; Peerless Ins. Co. v. Gonzalez, 241 Conn. 476, 697 A.2d 680
(1997); Safeco Ins. Co. v. Vetre, 174 Conn. 329, 387 A.2d 539
(1978); Pecker v. Aetna Casualty Surety Co., 171 Conn. 443,370 A.2d 1006 (1976); St. Paul Fire Marine Ins. Co. v. Shernow, supra, 22 Conn. App. 380. Moreover, in Williamson, the court addressed only the duty to indemnify and not the duty to defend. "The obligation of the [insurance company] to defend Williamson does not depend on whether Greguoli will be successful in obtaining a judgment against him. It depends on whether Greguoli, in his complaint against Williamson, has stated facts which bring his injury within the coverage of the policy. . . . That issue is not before us on this demurrer." (Citations omitted.) HartfordAccident Indemnity Co. v. Williamson, supra,153 Conn. 349.[2] In Williamson, where the insurance company's duty to defend was not at issue, the court found that, "[n]o facts [were] alleged in the complaint to demonstrate a reason for the determination of [insurance coverage] in a declaratory judgment action rather than under § [38a-321]." Id., 350.
Section 38a-321 addresses indemnification issues only and not the duty to defend. "If [the plaintiff in the underlying action] does recover a judgment, then General Statutes § [38a-321] provides the means for the determination whether that judgment is against a person who was insured by the plaintiff against the liability involved." Hartford Accident Indemnity Co. v.Williamson, supra, 153 Conn. 350. "Because General Statutes §38a-321 is not triggered until after the underlying action has gone to judgment, it does not provide as speedy, appropriate or complete a remedy as to the issue of duty to defend or indemnify as this declaratory judgment action." American States Ins. v.Amodio, Superior Court, judicial district of New Haven at Meriden, Docket No. 253737 (October 9, 1996, DiPentima, J.) (17 Conn. L. Rptr. 675). The holding in Williamson, upon which Egan relies, applies only when the sole issue before the court is the duty to indemnify and not when, as in the present case, the duty CT Page 14175 to defend and the duty to indemnify are simultaneously at issue. This court, unlike the Williamson court, must decide the two issues together in this declaratory judgment action.
In her motion to reargue, Egan further claims that Hanover has a duty to defend and indemnify Halfmann under the policy because Halfmann has injected negligence into the case by pleading self-defense in his answer to the underlying complaint. Although not stated in her motion, Egan's second and third arguments focus on the lack of an "actual bona fide and substantial question or issue in dispute or substantial uncertainty of legal relations which requires settlement between the parties" concerning Hanover's duty to defend and indemnify Halfmann. See Practice Book § 17-55. Egan relies on Markey v.Santangelo, supra, 195 Conn. 81, where "[n]egligence became an issue . . . only because in his answer [the defendant] set up self-defense as a justification for the assault."
Egan's claim of Halfmann's self-defense as a ground for granting the motion to strike is based entirely upon facts which are not alleged in Hanover's complaint.[3] Therefore "[w]here the legal grounds for . . . a motion [to strike] are dependent upon underlying facts not alleged in the plaintiffs pleadings, the defendant must await the evidence which may be adduced at trial, and the motion should be denied." Liljedahl Bros., Inc. v.Grigsby, 215 Conn. 345, 348, 576 A.2d 149 (1990).
In her motion to reargue, Egan claims additionally that her complaint in the underlying action contains an allegation of "wanton and/or reckless assault" and that this does not amount to "an intentional act triggering the exclusion clause." In a declaratory judgment action, the defendant "must show that the court could not, in the exercise of sound discretion permit the [plaintiffs] action to proceed." England v. Coventry, supra,183 Conn. 365; Connecticut Savings Bank v. First National Bank, supra, 133 Conn. 410-11. "[C]onstruction of a contract of insurance presents a question of law for the court. . . ." AetnaLife Casualty Co. v. Bulaong, 218 Conn. 51, 58, 588 A.2d 138
(1991). In deciding whether an insurer has a duty to defend and/or indemnify its insured, a trial court must analyze the complaint filed against the insured to determine whether it states facts that appear to bring the alleged injury within the coverage of the policy. Missionaries of Co. of Mary. Inc. v.Aetna Casualty Surety Co., 155 Conn. 104, 110, 230 A.2d 21
(1967). CT Page 14176
In her memorandum, Egan relies on TIG Ins. Co. v. WindhamCommunity Hospital, Superior Court, judicial district of Windham at Putnam, Docket No. 53660 (January 8, 1997, Sferrazza, J.) (18 Conn. L. Rptr. 624) in which the insurance company was required to defend a hospital against a claim made by its employees who were exposed to "ethyloxide which was leaking from a sterilizer used by the hospital." The court stated that the "underlying complaint lacks any allegation that the hospital intended that the employee[s] be injured by such exposure only that the hospital willfully placed them in a position where injury was highly likely to occur." Id. In that case, the court looked at the facts of the underlying claim to determine if the conduct was reckless and therefore excluded from the policy. Unlike the plaintiff in the TIG Insurance case, however, Hanover has alleged intentional conduct. Hanover alleges, based on Egan's underlying complaint, that Halfmann "choked [Egan], punched her in the face, knocking her on the floor, chased her about her residence, knocked her down, tore a telephone off a wall, ripped telephone cords from other telephones to prevent her from calling for help, and threatened that he would shoot her if he had his gun." (Revised Complaint, ¶ 8.)
As stated previously in this memorandum, "[a] declaratory judgment action is an appropriate vehicle to determine whether an insured's acts are intentional ones not covered by liability insurance for accidents only." United States Fidelity Guarantyv. Decilio, supra, Superior Court, Docket No. 298501. This is precisely the function which the present declaratory judgment action would serve based on the allegations of the complaint.
For the foregoing reasons, Egan's motion to strike does not effectively challenge the legal sufficiency of Hanover's complaint for a declaratory judgment, and therefore the motion to strike is denied.
Howard F. Zoarski Judge Trial Referee