[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT (#113) AND PLAINTIFF'S MOTION TO CITE IN ADDITIONAL PARTIES DEFENDANT AND TO AMEND COMPLAINT
The plaintiff corporation (GATX) brings this action to collect approximately $1.6 million outstanding on loans represented by promissory notes for which the defendants National Fairways Partners I, Limited Partnership (NFPI) and National Fairways, Inc. (NFI) are obligated. Count one is directed at the NFPI participation promissory note and NFI guaranty. Count two is directed at the NFI note. Count three alleges a fraudulent conveyance by NFPI and NFI to various transferees, including the defendant Marc C. Bergschneider, occurring in 1999 and 2000. Count four alleges that the distributions made in 1999 and 2000 were in violation of the limited partnership agreement and the Uniform Limited Partnership Act, General Statutes § 34-24 et seq. Count five alleges that the 1999 and 2000 transfers violated the Business Corporations Statute, General Statutes § 33-687c et seq.
The defendants have moved for summary judgment as to counts three, four and five. The plaintiff has objected to this motion for partial summary judgment.
"Pursuant to Practice Book § 17-49, summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . ." (Internal quotation marks omitted.) Mytych v. May Dept. Stores Co.,260 Conn. 152, 158-59, 793 A.2d 1068 (2002). "A material fact is a fact that will make a difference in the result of the case. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue as to all material facts which, under applicable principles CT Page 160 of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . (Citation omitted; internal quotation marks omitted.) DaCruzv. State Farm Fire Casualty Co., 69 Conn. App. 507, 511,794 A.2d 1117 (2002). "In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist. . . ." (Citation omitted.) Nolanv. Borkowski, 206 Conn. 495, 500, 538 A.2d 1031 (1988). Also see AmocoOil Co. v. Liberty Auto Electric Co., 262 Conn. 142, ___ A.2d ___ (2002).
The alleged facts viewed in the light most favorable to the plaintiff indicate that during 1999 and 2000, NFI and NFPI transferred approximately $10.5 million to partners and shareholders while they were indebted to the plaintiff in an amount exceeding $1.6 million. During the years 1999 and 2000, NFPI suffered operating losses of approximately $2 million per year. On or about June 1, 2000, NFPI defaulted on a $700,000 payment under its lease with the City of Bridgeport. This lease for the Fairchild Wheeler Golf Course represented the major portion of NFPI's business operations. The defendants defaulted in October 2001 on their monthly obligations on the notes due the plaintiffs. NFPI and NFI notified the plaintiff by letter dated October 9, 2001, that they had voluntarily surrendered possession of the Fairchild Wheeler Golf Club to the City of Bridgeport on September 25, 2001, and that the partnership did not have the funds to pay outstanding obligations. The NFPI note and the NFI note had stated maturity dates of June, 2002.
In the year 1999, NFPI distributed $7,322,942 to partners of NFPI and $1,296,901 to such partners in the year 2000. The NFI shareholders were distributed $1,604,502 in the year 1999 and $225,000 in the year 2000. At the end of 1999, NFPI had $416,839 in cash on hand. There is no evidence that NFPI had the cash available to make the $700,000 payment due the City of Bridgeport on June 1, 2000.
The defendants' net worth figures for 1999 ($8 million) and 2000 ($4,536,337) include "goodwill" as the most substantial asset. Subtracting the $5,677,879 "goodwill" from the $4,536,337 net worth results in an actual negative net worth in excess of $1 million for the year 2000. It seems unlikely that goodwill would be considered an asset in judging solvency pursuant to General Statutes § 52-552c (a), providing that "[a] debtor is insolvent if the sum of the debtor's debts is greater than all of the debtor's assets at a fair valuation." This was CT Page 161 the conclusion in an analogous case, Bay Plastics, Inc. v. B.T.Commercial Corp., 187 B.R. 315, 330-31 (Bankr.C.D.Cal. 1995), in which the bankruptcy court applied the California Fraudulent Transfer Act to disregard goodwill in evaluating the assets of the liquidated corporation. Also see United States v. Paradise, 127 F. Sup.2d 951, 956
(N.D.Ill. 2000).
The case before this court is not a bankruptcy proceeding, but the defendant entities have confessed insolvency. Count three is brought under the Connecticut Fraudulent Transfer Act (U.F.T.A.), General Statutes § 52-552a et seq. The purpose underlying a fraudulent conveyance action is to ensure the court's ability to invalidate property transfers that are clearly fraudulent as to present creditors. NationalLoan Investors, L.P. v. World Properties, LLC, Superior Court Complex Litigation Docket, judicial district of Hartford/New Britain at New Britain, No. 491738 (June 27, 2002, Aurigemma, J.). "The party seeking to set aside a conveyance as fraudulent under the U.F.T.A. must show either that the transfer was made without substantial consideration that rendered the transferor unable to meet his obligations, or that the conveyance was made with fraudulent intent in which the grantee participated. Both alternatives need not be satisfied. Shawmut Bank v.Brooks Development Corp., 46 Conn. App. 399, 699 A.2d 283 (1997). Whether a fraudulent conveyance took place is solely a question of fact to be determined by the trier. Davenport v. Quinn, 53 Conn. App. 282,730 A.2d 1184 (1999)." Id.
In order to establish a claim under this statute, the plaintiff must establish the following elements: that a transfer took place, that the plaintiff's claim arose before the transfer, and that the debtor intended to hinder, delay or defraud the creditor by making the transfer.
The fraudulent conveyance count presents most purely a question of fact. "A question of intent raises an issue of material fact which cannot be decided on a motion for summary judgment." Suarez v. Dickmont PlasticCorp., 229 Conn. 99, 639 A.2d 507 (1994); Batick v. Seymour, 186 Conn. 632,646-47, 443 A.2d 471 (1982). Also see Bizzoco v. Chinitz, et. al.,193 Conn. 304, 312, 476 A.2d 572 (1984); Zabolsky v. Sacks, et. al.,191 Conn. 194, 200, 464 A.2d 30 (1984).
The motion for summary judgment is denied as to the third count.
The fourth and fifth counts are based on both contractual and statutory claims, the contract being a limited partnership agreement to which the plaintiff does not claim to be a party or a third party beneficiary. It is axiomatic that for a breach of contract action to lie, there must be a CT Page 162 contract between the parties, or the plaintiff must be the contemplated beneficiary of a contract between the defendant and another. Coburn v.Lenox Homes, Inc., 173 Conn. 567, 570, 378 A.2d 599 (1977). The plaintiff does not allege that it was a party to the limited partnership agreement on which it relies for recovery in count four. Nor does it allege that the defendants intended to it to assume third party beneficiary status. The right of a third party to sue to enforce a contract between two other parties depends on whether the contracting parties intended to assume a direct obligation to that person. Gazo v. Stamford, 255 Conn. 245, 261,765 A.2d 505 (2001). "The ultimate test to be applied is whether the intent of the parties to the contract was that the promisor should assume a direct obligation to the third party." Id. In Grigerik v. Sharpe,247 Conn. 293, 313, 721 A.2d 526 (1998), the Connecticut Supreme Court emphasized that it is intent of both parties to the contract which is controlling.
The court finds that the fourth count insufficiently alleges a breach of contract under a third party beneficiary theory. Nowhere in count four is there an allegation that the parties to the limited partnership agreement intended to obligate themselves to the plaintiff. Specifically, the plaintiff has not referenced nor cited any portion of the agreement where the requisite intent is to be found. Nor can any such intent be inferred from the facts alleged. Thus, the plaintiff is not in a position to enforce the provisions of the limited partnership agreement and cannot pursue its claims on that basis.
The statutory bases for the fourth and fifth counts similarly are unavailable to the plaintiff. The Limited Partnership Act, General Statutes § 34-24 et seq, relied on by the plaintiff in count four, provides that a partner may not receive a distribution from a limited partnership if the distribution results in liabilities exceeding fair value in the remaining assets. The statutory scheme in General Statutes § 34-25a subparagraphs (a) and (b) creates liabilities of the partners for such distributions for the benefit of the limited partnership. The statute does not create a cause of action for creditors. In the fifth count, the plaintiff relies on General Statutes § 33-687, which essentially prevents a corporation from making distributions which would render it insolvent. The statutory framework in General Statutes § 33-757, however, provides that directors are personally liable to the corporation for the amount of distributions that exceed the amounts distributed in violation of § 33-687. This personal liability benefits the corporation and not creditors such as the plaintiff.
The motion for summary judgment is granted as to the fourth and fifth counts of the complaint. CT Page 163
 CONCLUSION
The defendants' motion for partial summary judgment (#113) is denied as to the third count and granted as to the fourth and fifth counts of the complaint.
The plaintiff's December 17, 2002 motion to cite in additional parties defendant and to amend the complaint is granted. The return date is February 25, 2003, and service shall be made by February 13, 2003.
 ___________________ ROBERT F. McWEENY
CT Page 164